UNITED STATES DISTRICT COURT
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

June 5, 2007

Re:   **Martin v. United States Attorney's Office**
       Docket No. 06-5115

Dear Parties:

Pro se Plaintiff, Robert Martin, filed a complaint against Defendant, the United States Attorney's Office for the District of New Jersey, on October 25, 2006, alleging that since 1976, unspecified government officials have been medically experimenting on Plaintiff and Defendant has failed to intervene and stop such experimentation. On October 27, 2006, the Court issued an order dismissing Plaintiff's complaint *sua sponte* for failure to comply with Fed. R. Civ. P. 8 and informed Plaintiff that if he did not file an amended complaint, which complied with the Federal Rules of Civil Procedure, by November 27, 2006, his case would be dismissed with prejudice.

Plaintiff filed an amended complaint, out of time, on December 4, 2006.[1] In his amended complaint, Plaintiff reaffirms that his claim against Defendant is for the failure to intervene to stop the government from experimenting on Plaintiff for the past thirty years. He essentially asserts that over this time period, he informed various unnamed United States Attorneys that he was being used as a guinea pig by government doctors and scientists, who performed tests on his heart and brain, and that the United States Attorneys Office negligently failed to investigate Plaintiff's claims and stop the experimentation.

Construing *pro se* Plaintiff's amended complaint liberally, it appears that Plaintiff is attempting to assert claims against Defendant for negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671 et seq., and for a violation of Plaintiff's constitutional rights under the Thirteenth and Fourteenth Amendments pursuant to Bivens v. Six Unknown

---

[1] Plaintiff's untimely filing of an amended complaint, in violation of the Court's October 27, 2006 order, provides an alternative basis for dismissing this matter to the grounds outlined further in this letter opinion.

Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[2] It appears that Plaintiff seeks monetary damages from Defendant for their allegedly negligent and unconstitutional actions. Further, it appears that Plaintiff asks the Court to order Defendant to intervene to stop the government experimentation on Plaintiff's body.[3]

Defendant never answered Plaintiff's amended complaint. It appears, from reviewing the docket, that Defendant's answer was due on March 24, 2007. On April 2, 2007, Plaintiff requested that the Clerk enter default against Defendant for failure to answer. Default was entered on April 3, 2007.

On April 10, 2007, Defendant filed a motion to set aside the Clerk's entry of default and to dismiss this matter for lack of jurisdiction. Plaintiff has not filed a response to this motion.[4] For the following reasons, Defendant's motion is granted.

## Motion to Set Aside Clerk's Entry of Default

First, the Court sets aside the Clerk's entry of default against Defendant. Pursuant to Fed. R. Civ. P. 55(c), the Court may set aside an entry of default for good cause shown. In determining whether to set aside an entry of default, the Court looks at (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct. See, e.g., Getty Petroleum Marketing,

---

[2] Although Plaintiff does not identify the Federal Tort Claims Act ("FTCA") or Bivens by name, he cites to such on page three of his amended complaint. Based on Plaintiff's allegation of violations of federal law, jurisdiction is premised on 28 U.S.C. § 1331. The FTCA authorizes, in certain circumstances, an individual to sue the United States for damages based on torts committed by federal employees. See, e.g., F.D.I.C. v. Meyer, 510 U.S. 471, 475-76 (1994) (citing 28 U.S.C. § 1346(b)). Bivens allows individuals, also in limited circumstances, to bring a damages action against a federal official for violating the individual's constitutional rights. See, e.g., Kupcho v. Green, No. 06-1318, 2006 WL 3518608, at *4 n.5 (D.N.J. Dec. 5, 2006) (citing Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 391, 397 (1971)).

[3] If Plaintiff is asking the Court itself to intervene to stop the experimentation on Plaintiff, this request is denied because he does not identify any of the unnamed government scientists and doctors that are purportedly experimenting on Plaintiff, let alone name these persons as defendants in this lawsuit.

[4] Defendant filed a certificate of service on April 10, 2007 stating that Plaintiff was served with the motion and accompanying papers at "92 Wright Street, Newark, New Jersey 07114." Although the docket lists Plaintiff's zip code as "07102," in his submissions to the Court, Plaintiff lists his zip code as "07114," which apparently is the proper zip code. See United States Postal Service, Find a Zip Code, at http://zip4.usps.com/zip4/welcome.jsp.

Inc. v. Saini, No. 05-4732, 2007 WL 465451, at *2 (D.N.J. Feb. 7, 2007).  The Third Circuit expressly disfavors default judgments.  See, e.g., Allstate Insurance Co. v. Ervin, No. Civ.A. 05-02800, 2006 WL 557715, at *2 (E.D. Pa. Mar. 2, 2006) (citing Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987)).

Plaintiff has not been prejudiced by Defendant's actions.  Any delay which resulted from Defendant's motion was minor, since the motion was filed within a week of the Clerk's entry of default against Defendant.  There is no indication that this brief delay resulted in a loss of relevant evidence, increased the potential for fraud, or resulted in some other occurrence which materially impaired Plaintiff's causes of action.  See, e.g., Allstate Insurance Co., 2006 WL 557715, at *2.  Further, if Plaintiff were to take the next step and seek the entry of default judgment pursuant to Rule 55(b), Plaintiff would inevitably have to establish a claim or right to relief by evidence satisfactory to the Court pursuant to Rule 55(d), which as discussed below, Plaintiff cannot do.  Additionally, Plaintiff, in failing to oppose the instant motion, has provided no reason why the Court should find that he was prejudiced in this regard.

Further, as discussed below, Defendant has a meritorious defense to Plaintiff's claims—that the Court lacks jurisdiction over this matter.  Again, Plaintiff, in failing to oppose this motion, has not argued otherwise.

Lastly, Plaintiff has provided no basis for the Court to find that Defendant's failure to answer was the result of culpable conduct.  Culpable conduct, in the context of Rule 55(c), refers to behavior that is willful or done in bad faith—i.e., something more than negligence must be shown.  See, e.g., Getty Petroleum, 2007 WL 465451, at *3; Allstate Insurance Co., 2006 WL 557715, at *3.  Defendant's counsel, Assistant United States Attorney Collette Buchanan, Esq., stated in her declaration that she inadvertently failed to record the updated due date for Defendant's answer and thus, failed to file a timely answer on Defendant's behalf.  Plaintiff provides nothing which would indicate that such conduct constitutes the requisite willfulness or bad faith to justify refusing to set aside the entry of default.

### Motion to Dismiss for Lack of Jurisdiction

Furthermore, as to the merits of this dispute, the Court dismisses Plaintiff's complaint for lack of jurisdiction.

The United States, as a sovereign entity, "is immune from suit except as it consents to be sued," and "the terms of its consent to be sued in any court define the court's jurisdiction to entertain the action."  See Rosario v. American Export-Isbrandtsen Lines, Inc., 531 F.2d 1227, 1230-31 (3d Cir. 1976); see also Kupcho v. Green, No. 06-1318, 2006 WL 3518608, at *3 (D.N.J. Dec. 5, 2006) (" 'Sovereign immunity not only protects the United States from liability, it deprives a court of subject matter jurisdiction over claims against the United States.' " (internal quotation omitted)).  The FTCA is a limited waiver of the United States' sovereign immunity. See, e.g., Miller v. Philadelphia Geriatric Center, 463 F.3d 266, 270 (3d Cir. 2006).  This Court

does not have jurisdiction to entertain Plaintiff's FTCA claim against Defendant because only the United States, not its agencies, may be sued under the FTCA.  See, e.g., 28 U.S.C. § 2679(a); Dambach v. United States, No. 06-2708, 211 Fed. Appx. 105, 108 (3d Cir. Dec. 19, 2006); Nazzaro v. United States, 304 F. Supp. 2d 605, 616 (D.N.J. 2004).

Even if this Court should substitute the United States for the United States Attorney's Office as a defendant in this case, Plaintiff does not allege, let alone demonstrate, that he timely filed an administrative claim as a jurisdictional prerequisite to bringing his FTCA cause of action.  See, e.g., 28 U.S.C. § 2675; Rosario, 531 F.2d at 1230-31; Beale v. Dep't of Justice, No. 06-2186, 2007 WL 327465, at *5-6 (D.N.J.  Jan. 30, 2007).  Thus, the FTCA claim must be dismissed.

In addition, assuming *arguendo* that the Thirteenth and Fourteenth Amendments give rise to a damages claim under the analysis set forth in Bivens,[5] Plaintiff's claims in this regard must be dismissed because they can only be maintained against individual federal government employees, not against a federal agency.  See, e.g., F.D.I.C. v. Meyer, 510 U.S. 471, 483-86 (1994); see also Rivera v. Nash, No. 06-5083, 2007 WL 1186220, at *5 n.1 (D.N.J. Apr. 18, 2007) ("a Bivens claim is not cognizable against a federal agency").

Plaintiff's complaint, as stated above, can also be interpreted as seeking a writ of mandamus from the Court, directing Defendant to investigate and stop the experimentation on Plaintiff.  Mandamus is an extraordinary remedy which is only sparingly granted.  See, e.g., In re Patenaude, 210 F.3d 135, 140-41 (3d Cir. 2000); Kupcho, 2006 WL 3518608, at *5-6.  Plaintiff has not demonstrated that a writ of mandamus is warranted.  He fails to show that he has a clear and indisputable right to the relief he seeks, namely, compulsory investigations by the United States Attorney's Office into purported government experimentation on Plaintiff's body.  See, e.g., Barnowski v. United States Attorney's Office, 215 Fed. Appx. 155, 156 (3d Cir. Feb. 2, 2007) (refusing to issue writ of mandamus compelling United States Attorney's Office to initiate grand jury investigation); Rochester v. Thurmond, No. C.A. 203337320AJ, 2004 WL 3712030, at *2-3 (D.S.C. Apr. 19, 2004) (refusing to issue writ of mandamus compelling United States Attorney's Office to initiate criminal prosecution).[6]

---

[5]  This point is not raised or argued in Defendant's submissions and thus, the Court expresses no opinion on whether the Thirteenth and/or Fourteenth Amendments may, in these circumstances, form a predicate for a Bivens claim.  The Court does note, however, that the Fourteenth Amendment is not applicable to actions of a federal agency.  Instead, Plaintiff's claim should have been based on the Fifth Amendment.  See, e.g., In re Automotive Refinishing Paint, 229 F.R.D. 482, 488 (E.D. Pa. 2005).  ("The Fifth Amendment's Due Process Clause applies to the federal government . . . while the Fourteenth Amendment Due Process Clause applies to the states.").

[6]  Furthermore, the only date that Plaintiff identifies with respect to this purported government experimentation upon his body is 1976.  Although Plaintiff claims that this

## **Conclusion**

Accordingly, the Court vacates the entry of default against Defendant and grants Defendant's motion to dismiss this case. This matter is closed. An appropriate order accompanies this letter opinion.

/s/ Jose L. Linares
United States District Judge

---

experimentation continued for "months and years after," there is no indication how long it continued. Thus, these allegations raise serious statute of limitations concerns.